### CLUTE *v.* EMIGRANT INDUSTRIAL SAV. BANK.

*(Supreme Court, General Term, Second Department. December 10, 1890.)*

**SUBROGATION TO RIGHTS OF MORTGAGEE.**

One Thomas A. Hall sold land to one B., subject to a mortgage given by Hall for purchase money, which mortgage B. assumed, and afterwards paid with money borrowed for the purpose on a new mortgage. The land passed from B., through intermediate conveyances, to C., who assumed the mortgage given by B. C. paid off that mortgage with money borrowed for the purpose on still another mortgage. While Hall held the land, and after the mortgage thereof by him, a judgment was entered against him as Thomas Hall, which, by reason of the omission of his middle name, was not discovered on the record by B., or any of the subsequent grantees. *Held* that, as against a purchaser at the sale under an execution issued on such judgment, the mortgagee in the last mortgage was entitled to be subrogated to the rights of the first mortgagee, and the purchaser at the execution sale took, subject to the lien of such last mortgage, and on foreclosure could not maintain an action for restitution against the mortgagee therein.

Appeal from special term, Kings county.

Action by Thomas J. Clute against the Emigrant Industrial Savings Bank for restitution of the value of land sold on foreclosure of a mortgage thereof held by defendant. Plaintiff claimed under his deceased wife, who held under a deed from the sheriff to her, as purchaser on a sale of the property on execution, issued upon a judgment against one Thomas Hall, entered in 1865. The premises were conveyed to him, by the name of Thomas A. Hall, in 1863, and at the same time, and before the judgment against him, he had executed a mortgage thereof, under the name of Thomas A. Hall, to his grantor to secure part of the purchase money. After entry of the judgment, he, also under the name of Thomas A. Hall, conveyed the property, subject to the mortgage, to Jane B. Hyde, which she assumed as part of the purchase money. She thereafter paid off the mortgage, using for that purpose, in part, money obtained by her by giving another mortgage of the premises. Thereafter, the property was conveyed by her and her successive grantees until it passed to Marks Cottrell, who took it, subject to the Hyde mortgage, which he assumed to pay as part of the purchase money, and said mortgage was subsequently paid by Cottrell with money which he obtained by giving a new mortgage of the premises to the defendant in this action. The judgment against Hall was not discovered by searches made by the successive grantees. Upon foreclosure by defendant of the last mortgage, and sale of the premises thereon, plaintiff, as grantee and successor in interest of his deceased wife, brought this action for restitution. From a judgment for defendant, plaintiff appeals.

Argued before DYKMAN and PRATT, JJ.

*T. J. Clute*, for appellant. *Bartholomew Skaats*, for respondent.

DYKMAN, J. There never was any merit in the plaintiff's action, and that destitution of merit extends to this appeal. The decisions of the court of appeals in the case of *Clute* v. *Emmerich*, 99 N. Y. 342, 2 N. E. Rep. 6, and *Bank* v. *Clute*, 114 N. Y. 634, 21 N. E. Rep. 1021, control all the questions involved in this action. The title of the plaintiff and his wife being at all times subordinate to the lien of the mortgage from Cottrell to the defendant, they can have no remedy in hostility thereto. The judgment should be affirmed, with costs.